IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JESUS HERRERA REYES, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 03-407J |
| ) | JUDGE SEAN McLAUGHLIN |
| WARDEN LAMANNA, et al, ) | MAGISTRATE JUDGE LENIHAN |
| ) | |
| Respondents. ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**I.   RECOMMENDATION**

It is respectfully recommended that the Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. §2241 be dismissed.

**II.   REPORT**

Petitioner Jesus Reyes Herrera tendered a negotiated plea of guilty to charges of possession with intent to deliver cocaine. He was sentenced in the United States District Court for the District of New Mexico on February 26, 2003, to 41 months imprisonment to be followed by a 5 year term of supervised release (Docket #8, Exhibit A). He asserts that his guilty plea agreement contains a recommendation that he be deported, and he seeks to have this recommendation "reconsidered."

Petitioner styles this as a petition filed pursuant to 28 U.S.C. §2241, and asserts that he cannot file a §2255 petition with the sentencing court since such an appeal would be time-barred. Petitioner was released from incarceration on January 24, 2005, and is, presumably, still serving his 5 year term of probation. There is no indication in the record that deportation proceedings have or

have not been scheduled. Petitioner did not inform this court of his release from incarceration, nor did he provide a forwarding address.

**A.**     **Scope of Section 2241.**

A prisoner may seek federal habeas relief only if he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2254(a); Smith v. Phillips, 455 U.S. 209 (1982); Geschwendt v. Ryan, 967 F.2d 877 (3d Cir.), cert. denied, 506 U.S. 977 (1992); Zettlemoyer v. Fulcomer, 923 F.2d 284 (3d Cir.), cert. denied, 502 U.S. 902 (1991). The purpose of a writ of habeas corpus is to challenge the legal authority under which a prisoner is held in custody. Heck v. Humphrey, 512 U.S. 477 (1994); Allen v. McCurry, 449 U.S. 90 (1980)(the unique purpose of habeas corpus is to release the applicant for the writ from unlawful confinement); Wolff v. McDonnell, 418 U.S. 539 (1974)(basic purpose of the writ is to enable those unlawfully incarcerated to obtain their freedom); Preiser v. Rodriguez, 411 U.S. 475 (1973); United States v. Hollis, 569 F.2d 199, 205 (3d Cir. 1977). The writ supplies the mechanism by which prisoners may challenge the length of their custodial term. Fields v. Keohane, 954 F.2d 945, 949 (3d Cir. 1992); Barden v. Keohane, 921 F.2d 476 (3d Cir. 1991). The remedy is to free an inmate from unlawful custody.

As a general proposition "only matters concerning the conditions of confinement or the execution of a sentence are within the subject matter jurisdiction of the court presiding in the district in which a prisoner is incarcerated." DeSimone v. Lacy, 805 F.2d 321, 323 (8th Cir. 1986) citing Lee v. United States, 501 F.2d 494, 500 (8th Cir. 1974). Challenges to the validity of a federal prisoner's conviction or sentence should be presented to the sentencing court. Miller v. United

States, 564 F.2d 103, 105 (1st Cir. 1977), cert. denied, 435 U.S. 931 (1978). "As a general rule, a § 2255 motion 'supersedes habeas corpus and provides the exclusive remedy' to one in custody pursuant to a federal court conviction." Brown v. Mendez, 167 F.Supp.2d 723, 726 (M.D. Pa. 2001) quoting Strollo v. Alldredge, 463 F.2d 1194, 1195 (3d Cir.), cert. denied, 409 U.S. 1046 (1972). A habeas corpus petition pursuant to § 2241 "'is not an additional, alternative or supplemental remedy to 28 U.S.C. § 2255.'" Id. quoting Myers v. Booker, 232 F.3d 902, 2000 WL 159967 at *1 (10th Cir. 2000).

Because Petitioner's claim challenges the validity of a portion of his guilty plea, rather than the execution of his sentence, a habeas corpus petition filed under §2241 is not the appropriate vehicle for his claim. When a petitioner attempts to seek relief from his conviction under 28 U.S.C. § 2241, the habeas petition is dismissed for lack of subject matter jurisdiction.

Petitioner was convicted and sentenced by the United States District Court for the District of New Mexico. Thus, under § 2241 jurisprudence, the issue raised in the instant petition is not within the jurisdiction of this Court. See Lee v. United States, 501 F.2d 494, 500 (8th Cir. 1974); Miller v. United States, 564 F.2d 103, 105 (1st Cir. 1977), cert. denied, 435 U.S. 931 (1978) (challenge to the validity of a federal prisoner's conviction or sentence should be presented to the sentencing court). This petition represents a collateral attack upon the terms of the plea agreement. Such an attack is properly reserved for a petition filed pursuant to 28 U.S.C. § 2255 in the sentencing court. Petitioner, however, asserts that he is entitled to pursue his claim under §2241 since relief under §2255 would is now unavailable to him due to the statute of limitations.

### B.      The Savings Clause of 28 U.S.C. § 2255

Title 28 U.S.C. § 2255 provides, in pertinent part:

> an application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to [section 2255], shall not be entertained if it appears that the applicant has failed to apply for relief by motion [to vacate sentence pursuant to section 2255], to the court which sentenced him, or that such court has denied him relief, *unless it appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

The italicized portion of the statutory language is commonly referred to as § 2255's "savings clause" or "safety valve." The Third Circuit has held that a § 2241 petition may (in limited situations) provide an avenue of relief to federal prisoners in accordance with the savings clause provision of § 2255. In re Dorsainvil, 119 F.3d 245 (3d Cir. 1997). The limited exception specifically outlined in that case is not found here.

Petitioner's argument that the remedy available under §2255 is inadequate or ineffective is unavailing. His argument concerning inadequacy is that any new §2255 petition would be untimely. The Dorsainvil Court used the "savings clause" to carve a limited exception to the general proposition that a challenge to a conviction and imposition of sentence by a federal prisoner must be brought only as a § 2255 claim. 119 F.3d 245. The Circuit did not create a § 2241 remedy for every federal prisoner who is unable to file a successive § 2255 petition. Rather, Dorsainvil stands for the proposition that resort to §2241 habeas corpus relief is warranted under the "unusual circumstances" presented there. The court stated that where "a complete miscarriage of justice" was evident because a prisoner was being punished for "an act that the law does not make criminal thereby warranting resort to the collateral remedy afforded by § 2255, it must follow that it is the

same complete miscarriage of justice when the AEDPA amendment to § 2255 makes that collateral remedy unavailable." Dorsainvil, 119 F.3d at 251.

Here, there are no allegations of a miscarriage of justice similar to that identified in Dorsainvil. And, more specifically, the Circuit expressly commented upon situations where a petitioner asserts that a §2255 claim would be time-barred:

> A § 2255 motion is inadequate or ineffective only where the petitioner demonstrates that some limitation of scope or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim. It is the inefficacy of the remedy, not the personal inability to use it, that is determinative. *Section 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255.* The provision exists to ensure that petitioners have a fair opportunity to seek collateral relief, not to enable them to evade procedural requirements.

Cradle v. United States of America, 290 F.3d 536, 538-39 (3d Cir. 2002) (emphasis added). Under Cradle, Petitioner's inability to bring a §2255 motion to challenge the terms of his guilty plea agreement before his sentencing court does not make that remedy "ineffective or inadequate to test the legality of his detention" so as to allow him to proceed under § 2241.[1]

---

[1] Further, a recommendation in a pre-plea agreement concerning deportation would only be relevant, and a challenge to the validity of that recommendation would only become ripe, should deportation proceedings actually occur. Petitioner himself recognizes that the recommendation made is only "advisory in nature" (Doc. No. 1, page 9). There is no indication in the record that deportation proceedings have been initiated, and any challenge petitioner may have to the recommendation would be more appropriately raised during his deportation proceeding, should it actually occur.

III. **CONCLUSION**

For the foregoing reasons, it is respectfully recommended that this Petition for Writ of Habeas Corpus be dismissed.

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.1.4(B) of the Local Rules for Magistrates, the parties are allowed ten (10) days from the date of service to file objections to this report and recommendation. Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto. Failure to file timely objections may constitute a waiver of any appellate rights.

LISA PUPO LENIHAN
UNITED STATES MAGISTRATE JUDGE

Dated: August 29, 2006

cc: Jesus Herrera-Reyes
Register No. 22992-051
FCI MCKean
P.O. Box 8000
Bradford, PA 16701

Christy Wiegand, Esquire
Assistant United States Attorney
401 U.S. Post Office & Courthouse
Pittsburgh, PA 15219